# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM COUSER and SUMMIT CARBON SOLUTIONS, LLC, | **Related case: 4:22-CV-383** |
| Plaintiffs, | CASE NO. 1:22-cv-20 |
| v. | |
| SHELBY COUNTY, IOWA; SHELBY COUNTY BOARD OF SUPERVISORS; STEVE KENKEL, in his official capacity as a Shelby County Supervisor; CHARLES PARKHURST, in his official capacity as Shelby County Supervisor; DARIN HAAKE, in his official capacity as Shelby County Supervisor, | **ANSWER** |
| Defendants. | |

Defendants Shelby County, Iowa, Shelby County Board of Supervisors, Steve Kenkel, Charles Parkhurst, and Darin Haake (collectively "the County"), for their Answer to Plaintiffs' Complaint, state as follows:

## **INTRODUCTION**

1. This paragraph contains Plaintiffs' statement of the case and legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

2. This paragraph contains Plaintiffs' statement of the case and legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

## **PARTIES**

3. Admitted.

4. Admitted.

5. Admitted.

1

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

## JURISDICTION AND VENUE

10. Admitted.

11. Admitted.

12. Admitted that the Court has the power to issue declaratory and injunctive relief. Denied that Plaintiffs are entitled to the relief requested in the Complaint.

13. Admitted.

## FACTUAL ALLEGATIONS

14. Denied for lack of information.

15. Denied for lack of information.

16. Denied for lack of information.

17. Denied for lack of information.

18. Denied for lack of information.

19. Denied for lack of information.

20. Denied for lack of information.

21. Denied for lack of information.

22. Denied for lack of information.

23. Denied for lack of information.

24. Denied for lack of information.

25. Denied for lack of information.

26. Denied for lack of information.

27. Denied for lack of information.

28. Admitted that Summit is developing an interstate carbon dioxide pipeline. This paragraph is otherwise denied for lack of information.

29. Denied for lack of information.

30. Denied for lack of information.

31. Denied for lack of information.

32. Admitted that Summit filed a Petition for Hazardous Liquid Pipeline Permit which is pending before IUB. The paragraph is otherwise denied for lack of information.

33. Denied for lack of information.

34. Denied for lack of information.

35. Denied for lack of information.

36. Denied for lack of information.

37. Denied for lack of information.

38. Denied for lack of information.

39. Denied for lack of information.

40. Denied for lack of information.

41. Denied for lack of information.

42. Denied for lack of information.

43. Admitted that some Iowa counties have adopted zoning ordinances that apply to pipeline companies seeking to use land in the counties. This paragraph is otherwise denied.

44. Admitted that the County adopted Ordinance No. 2022-4, a zoning regulation establishing setbacks and other requirements for hazardous materials pipelines in the County. This

paragraph is otherwise denied. In further response, the County states that even if Ordinance No. 2022-4 had not been adopted, Summit's pipeline is not a permitted use under the County's existing zoning regulation, Ordinance No. 2006-6.

45. Admitted that the zoning ordinance mentions Summit's pipeline and that this paragraph accurately quotes a portion of the zoning ordinance. This paragraph is otherwise denied.

46. Admitted that this paragraph partially quotes from the zoning ordinance, which in turn quotes from Iowa Code § 335.5(1), a provision of Iowa's county zoning statute, one of the several stated purposes of the County's zoning ordinance. This paragraph is otherwise denied.

47. Admitted that this paragraph partially quotes from the zoning ordinance which, under Iowa § 335.5(1), "shall be designed …to secure safety from fire, flood, panic, and other dangers" and "to protect health and the general welfare." In further response, the County states that the partial quote omits the concluding language of the sentence which states that conditions on land use are also established to "preserve property values." This paragraph is otherwise denied.

48. Admitted that an unsigned and unofficial copy of Ordinance No. 2022-4 is attached to the Complaint as Exhibit A.

49. Denied. Prior to the adoption of Ordinance No. 2022-4, the County's existing zoning ordinance, Ordinance No. 2006-6, did not authorize the use of agricultural district land for hazardous materials pipelines.

50. Admitted that the Pipeline Safety Act provides that a state authority may not adopt or enforce safety standards. This paragraph is otherwise denied. In further response, the County states that one of the express purposes of the zoning ordinance is to implement the requirements "in a manner that is not inconsistent with federal or state law, including the United States

Constitution, the federal Pipeline Safety Act in 49 U.S.C. § 60101 et seq., the Iowa Constitution, and Iowa Code chapters 29C, 479B, 331, and 335." *See* Section 8.04 of the zoning ordinance.

51. Admitted that this paragraph accurately quotes a portion of the statute.

52. Admitted that this paragraph accurately quotes a portion of the statute.

53. Admitted.

54. Admitted. In further response, the County states that Summit is subject to state and local regulation of pipeline routing and location because the Pipeline Safety Act withholds such authority from the U.S. Department of Transportation. *See* 49 U.S.C. § 60104(e).

55. Admitted that this paragraph accurately quotes a portion of the statute.

56. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

57. Admitted that Iowa Code chapter 479B grants IUB authority to approve the location and route of hazardous liquid pipelines. This paragraph is otherwise denied.

58. Admitted that this paragraph accurately quotes a portion of the statute.

59. Admitted that IUB has authority to "grant a permit in whole or in part upon terms, conditions, and restrictions as to location and route as it determines to be just and proper." This paragraph is otherwise denied.

60. Admitted that IUB has adopted regulations. This paragraph is otherwise denied.

61. Denied.

### COUNT I
### (Supremacy Clause Preemption)

62. The County incorporates by reference its responses to all preceding paragraphs.

63. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

64. Denied. In further response, the County states that Ordinance No. 2022-4 addresses pipeline routing and location, which is not preempted because the Pipeline Safety Act withholds such authority from the U.S. Department of Transportation. *See* 49 U.S.C. § 60104(e).

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT II
### (Iowa Statutory Preemption)

70. The County incorporates by references its responses to all preceding paragraphs.

71. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied. In further response, the County states that Ordinance No. 2022-4 is a zoning regulation adopted under the specific authority granted to counties in Iowa Code chapter 335.

72. This paragraph contains legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

73. Admitted that this paragraph accurately quotes a portion of the statute.

74. The zoning ordinance speaks for itself and this paragraph is otherwise denied.

75. Denied. In further response, the County states that the zoning ordinance is designed and serves to implement the purposes of Iowa Code § 335.5(1).

76. Denied. In further response, the County states that in adopting chapter 479B, the legislature has provided no limitations on county zoning regulations.

77. Denied.

78. Denied.

79. Denied.

WHEREFORE, the County prays that Plaintiffs' Complaint be dismissed with costs assessed against Plaintiffs.

/s/ Jason M. Craig
Jason M. Craig (AT0001707)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: (515) 243-7611
Facsimile: (515) 243-2149
Email: jcraig@ahlerslaw.com
ATTORNEYS FOR DEFENDANTS

Electronically filed.

Copy to:

Bret A. Dublinske
Brant M. Leonard
Kristy Dahl Rogers
FREDRIKSON & BYRON, P.A.
111 East Grand Ave., Suite 301
Des Moines, IA 50309
bdublinske@fredlaw.com
bleonard@fredlaw.com
krogers@fredlaw.com

Brian D. Boone
Michael R. Hoernlein
ALSTON & BIRD LLP
101 S. Tyron St., Ste. 4000
Charlotte, NC 28280
brian.boone@alston.com
michael.hoernlein@alston.com

Karla M. Doe
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
karla.doe@alston.com
ATTORNEYS FOR PLAINTIFFS

| CERTIFICATE OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: 12/21/2022 |
| By: ☐ U.S. Mail ☐ Fax |
| ☐ Hand delivery ☐ Private Carrier |
| ☒ Electronically (*via CM-ECF*) ☐ E-mail |
| Signature: /s/ Jason M. Craig |

02141498-1\22102-021