IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SUMMIT CARBON SOLUTIONS, LLC, | ) Case No. 1:22-cv-00020-SMR-SBJ |
| Plaintiff, | ) |
| | ) ORDER ON CROSS-MOTIONS FOR |
| v. | ) SUMMARY JUDGMENT |
| | ) |
| SHELBY COUNTY, IOWA, SHELBY COUNTY BOARD OF SUPERVISORS, STEVE KENKEL, in his official capacity as a Shelby County Supervisor, CHARLES PARKHURST, in his official capacity as a Shelby County Supervisor, and DARIN HAAKE, in his official capacity as a Shelby County Supervisor, | ) |
| Defendants. | ) |

Last year, the Shelby County Board of Supervisors ("the Board") promulgated Shelby County Ordinance 2022-4 ("the Ordinance") in response to planned construction of a hazardous liquid pipeline. Plaintiff Summit Carbon Solutions, LLC ("Summit") filed this suit to enjoin enforcement of the Ordinance on the grounds that it is preempted by federal and state law. When the Board sought to enforce the Ordinance during the course of this litigation, Plaintiff obtained a preliminary injunction. On August 4, 2023, the parties filed cross-motions for summary judgment. For the reasons discussed in detail below, Plaintiff's Motion is GRANTED and Defendants' Motion is DENIED.

I.       BACKGROUND[1]

On November 15, 2022, Plaintiff filed this suit against Defendants Shelby County, Iowa, the Board, and each Shelby County Supervisor in their official capacities.[2] The lawsuit alleges that the Ordinance is preempted by the Pipeline Safety Act ("PSA"), a federal law regulating many aspects of pipeline safety, and Iowa Code § 479B, which provides the Iowa Utilities Board ("IUB") with authority to issue permits approving the construction of pipelines. Plaintiff seeks a declaratory judgment that the Ordinance is preempted by federal and state law and injunctive relief restraining Defendants from: (i) "enforcing or implementing Ordinance No. 2022-4," (ii) "enforcing or implementing any other ordinances on the permitting, construction, or development of Summit's pipeline project," and (iii) "enforcing or implementing any resolution, ordinance, moratorium, ban, or other regulation that purports or intends to regulate any safety or permitting aspect of Summit's pipeline project." [ECF No. 1 at 18].

On January 26, 2023, the Shelby County Planning and Zoning Commission sent letters to local landowners. The letters stated the landowners had recorded an easement conveying certain rights of access to property, but they had not received the appropriate conditional use permit prior to conveyance. The letters explained that "the county may assess penalties against any person who violates the ordinance" and fine them $750.00 per day. [ECF No. 26-3 at 3]. The notices concluded by stating, "[i]f the easement agreement is not terminated by 02/10/2023 in addition to the penalties described above, the county may seek involuntary termination of the easement agreement by a court." *Id.*

---

[1] The Court refers to its Preliminary Injunction Order, ECF No. 51, for other facts relevant to the parties' cross-motions.

[2] The complaint was originally filed by Summit and William Couser. The Preliminary Injunction Order dismissed Couser for lack of Article III standing. The action proceeds with Summit as the sole plaintiff.

In response to those letters, Plaintiff requested a preliminary injunction to enjoin enforcement of the Ordinance until a final resolution of this action. On March 31, 2023, the Court held a hearing in this matter. At the end of argument, the Court asked the parties to provide more information. The requested information was subsequently submitted. [ECF Nos. 47; 48].

Prior to the hearing, Defendants filed a counterclaim against Summit for failure to comply with sections 8.31 and 8.32 of the challenged Ordinance. "Under section 8.31 of the Ordinance, Summit was required to submit an application to the County for a conditional use permit by November 18, 2022." [ECF No. 44 at 2]. Under section 8.32, Summit was prohibited from executing easement agreements with landowners before it obtained a conditional use permit from the County. *Id*. at 2–3. Defendants claimed Summit violated both sections and requested infraction penalties against Summit. Plaintiff resisted.

On July 10, 2023, the Court issued an Order granting Plaintiff's request for a preliminary injunction. [ECF No. 51]. In that Order, the Court found that the issuance of a preliminary injunction was appropriate due in part because Summit was likely to prevail on its preemption claims. The Court ordered that (i) "Defendants Shelby County, Iowa, the Shelby County Board of Supervisors, and each of the Supervisors in their official capacities are enjoined from enforcement of Shelby County Ordinance No. 2022-4 effective immediately," (ii) "Defendants shall immediately issue a written notice to all employees in the County who are involved in enforcing Ordinance No. 2022-04 or have oversight of such enforcement and notify them of the injunction prohibiting enforcement of the Ordinance," and (iii) "Defendants shall demonstrate its compliance with the Order by submitting an affidavit detailing its efforts to the Court within ten (10) days of entry of this Order." *Id*. at 37.

On August 4, 2023, the parties filed cross-motions for summary judgment. Defendants also filed a supplement briefing to which Plaintiff responded.[3] For the reasons discussed in detail below, Plaintiff's Motion is GRANTED and Defendants' Motion is DENIED.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if the movant 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Meyer,* 914 F.3d 592, 594 (8th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "If the moving party has met this burden . . . the non-moving party must set forth specific facts showing that there are genuine issues for trial." *Bankston v. Chertoff*, 460 F. Supp. 2d 1074, 1085 (D. N.D. 2006) (citations omitted). To preclude the entry of summary judgment, the nonmovant must make a sufficient showing on every essential element for which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a summary judgment motion, a court must view "evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences from that evidence in favor of the nonmoving party." *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016) (quoting *Smith v. URS Corp.*, 803 F.3d 964, 968 (8th Cir. 2015)). However, a court must reject an interpretation of events in favor of a party if it is blatantly contradicted by the record. *Wallingford v. Olson*, 592 F.3d 888, 892 (8th Cir. 2010)

---

[3] On that same day, Defendants filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit from this Court's Preliminary Injunction Order. As of the date of this present Order, the appeal remains pending.

4

(quoting *Scott v. Harris*, 550 U.S. 372, 380 (2010)).  Summary judgment is most appropriate when the "issues are primarily legal rather than factual" in nature.  *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Shirley*, 96 F.3d 1108, 1111 (8th Cir. 1996).

### III.     ANALYSIS

In the Preliminary Injunction Order, the Court found Summit was likely to prevail on its preemption claims under federal and state law.  [ECF No. 51].  For the state preemption claims, Defendants contend on summary judgment that the Court erred in finding the distance and siting requirements, the permitting requirement, and the landowner permitting requirement were conflict preempted.  Concerning the claim of preemption under federal law, Defendants argue the Court erred in granting the injunction by finding any provision under the Ordinance was expressly preempted, taking the position that none of the county requirements qualify as "safety standards" within the meaning of the federal statute.  [ECF No. 62 at 36–37].  Specifically, they claim the Ordinance's Hazard Safety Plan "[does] not dictate the contents of the pipeline company's federally mandated, internal response plan" and merely request "information necessary to allow the County to perform its legal obligations under Iowa Code chapter 29C to engage in emergency response and hazard mitigation planning."  *Id*. at 40–41.  Put another way, they appear to argue that the Ordinance's Hazard Safety Plan is akin to an information sharing requirement, not a safety standard.  Defendants also claim that the Ordinance's abandonment and discontinuation requirements are not federally preempted, arguing that regulations of abandoned or discontinued pipeline facilities fall outside of federal jurisdiction.  *Id*. at 42.

The Court disagrees.  For reasons fully articulated in its Preliminary Injunction Order, the Court finds the Ordinance is preempted by federal and state law.  Notwithstanding Defendants' assurances that the Ordinance and Iowa Code § 479B are not irreconcilable, the challenged

restrictions impose severe limitations that will lead to a situation where the IUB may grant a permit to construct a pipeline and Summit is unable to do so.  This situation is the one that preemption is designed to avoid; so long as the situation exists, the Ordinance is unenforceable under implied preemption.  *City of Davenport v. Seymour*, 755 N.W.2d 533, 538 (Iowa 2008).

For the federal law preemption claims, Defendants' argument that the Ordinance's emergency preparedness requirements are merely requests for information, not components dictating safety standards, is unconvincing.  As noted in the Preliminary Injunction Order, an application for a conditional use permit by a pipeline company must include extensive information on emergency response and hazard mitigation.  If PHMSA regulations exist, pipeline companies must still provide documentation of compliance with those regulations.  The companies must also include "a detailed plan describing how the Pipeline Company will work with the County's law enforcement, emergency management personnel, and first responders in the event of a spill, leak, rupture or other emergency or disaster related to the Pipeline."  [ECF No. 59-2 at 14].  If no PHMSA regulations exist and the pipeline is a carbon dioxide pipeline, the pipeline companies must "submit a plan that meets the requirements of this section."  *Id*.  The requirements include a map and description of the proposed route, a description of the health risks, an estimate of the worst-case scenario for a carbon discharge, a list of structures and facilities in a fallout zone, a list of "high consequence areas" where a rupture would be more likely to result in the loss of life, alternative routes through the county designed to minimize risk, and "all information needed by county first responders . . . to engage in local emergency management."  *Id*. at 14–15.  Lastly, the pipeline companies may need to provide "a Carbon Dioxide Pipeline rupture emergency response training program" and equipment for "response personnel."  *Id*. at 15.

As plainly evident, the Ordinance's Hazard Safety Plan imposes restrictions beyond merely information sharing to assist the County with its own emergency preparedness planning. Because the statute provides the Secretary of Transportation with the authority to enact emergency response and hazard mitigation plans, and local governments are preempted from regulating the safety of facilities addressed by federal law, "from regulating in any manner whatsoever with respect to the safety of . . . facilities," the Court reiterates its earlier conclusion that express preemption invalidates the Ordinance's emergency response and hazard mitigation provisions. 49 U.S.C. § 60102(a)(2)(B); *see also ANR Pipeline Co. v. Iowa State Com. Comm'n*, 828 F.2d 465, 470 (8th Cir. 1987) (holding that, in the context of interstate transmission facilities, that local governments are precluded "from regulating in any manner whatsoever with respect to the safety" when Congress has set federal standards).

Defendants' unusual argument that the PSA jurisdiction does not extend to abandoned or discontinued pipeline facilities is equally unconvincing. The statute provides the Secretary with authority to promulgate regulations on construction and maintenance of pipelines. 49 U.S.C. § 60102(a)(2)(B). The regulations require the companies to implement procedures on the abandonment of pipelines. *See* 49 C.F.R. § 195.402(c)(10) (requiring that a pipeline company must have a plan for "[a]bandoning pipeline facilities" that includes "safe disconnection from an operating pipeline system, purging of combustibles, and sealing abandoned facilities . . . to minimize safety and environmental hazards."). They must also provide a report to the Secretary establishing its compliance with the statutory and regulatory provisions. 49 U.S.C. § 60108(b)(6)(A). In light of this, the Court finds that PSA does extend to abandoned and discontinued pipelines. As put forth in the Preliminary Injunction Order, the Ordinance's abandonment requirements are expressly preempted by the PSA.

## IV.   CONCLUSION

For the reasons above and for reasons more fully articulated in its Preliminary Injunction Order, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendants' Motion for Summary Judgment is **DENIED**.  [ECF Nos. 58; 59].

Under Federal Rule of Civil Procedure 65(d), every order granting an injunction "must . . . state its terms specifically . . . and describe in reasonable detail . . . the act or acts restrained."  Fed. R. Civ. P. 65(d)(1)(B–C).  The scope of the permanent injunction is defined as follows:

1. **IT IS ORDERED** that Defendants Shelby County, Iowa, the Shelby County Board of Supervisors, and each of the Supervisors in their official capacities are permanently enjoined from enforcement of Shelby County Ordinance No. 2022-4 effective immediately.  They may not enforce Arts. 8.3, 8.4., 8.5. 8.6., 8.7., 8.8., 8.9., 8.10., 8.11., or 8.12 of the law in any capacity or through any instrumentality available to them.

2. **IT IS FURTHER ORDERED** that Defendants shall immediately issue a written notice to all employees in the County who are involved in enforcing Ordinance No. 2022-4 or have oversight of such enforcement and notify them of the permanent injunction prohibiting enforcement of the Ordinance.

3. **IT IS FURTHER ORDERED** that Defendants shall demonstrate its compliance with the Order by submitting an affidavit detailing its efforts to the Court within ten (10) days of entry of this Order.

IT IS SO ORDERED.

Dated this 4th day of December, 2023.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT